UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIET BUI, individually and on behalf of all other similarly situated employees, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>SPRINT CORPORATION, a SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware Corporation; SPRINT/UNITED MANAGEMENT CO., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-02461-TLN-AC<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION**<br><br>Complaint Filed: July 25, 2014<br>Removed: October 17, 2014<br><br>Hon. Allison Claire |

**STIPULATED PROTECTIVE ORDER**

Having considered the Joint Motion for Protective Order Concerning Discovery and Confidential Information ("Joint Motion") of Plaintiff Viet Bui, on the one hand, and Defendants Sprint/United Management Co. and Sprint Communications Company, L.P. (erroneously sued as Sprint Corporation, a Sprint Communications Company, L.P.) (collectively "Defendants"), on the other hand, by and through their respective counsel, and finding good cause therefor, the Protective Order is hereby granted as follows:

Subject to the approval of this Court, Plaintiff Viet Bui, on the one hand, and Defendants on the other hand, by and through their respective counsel, hereby stipulate to the following protective order:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will likely involve production of confidential, commercially sensitive, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than litigating this matter would be warranted. Furthermore, the parties desire to memorialize their agreement regarding inadvertent production of privileged materials and/or materials protected by the attorney work product doctrine. Accordingly, whereas good cause exists in that these documents contain, among other things, personal information of third parties that is subject to protection from disclosure pursuant to the privacy protections of Article I, Section I of the California Constitution, medical information, and confidential, proprietary, and/or trade secret information that is subject to protection from disclosure pursuant to California Civil Code section 3426.5, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

2. DEFINITIONS

2.1. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, electronic data, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**STIPULATED PROTECTIVE ORDER**

2.3. <u>Confidential Information or Items</u>:  all non-public business records or other documents and all information contained therein, including confidential information about any third party, including Defendants' current and former employees and current and former customers, and all deposition testimony or other discovery responses concerning the non-public aspects of the parties' operation of their businesses, including, but not limited to, confidential or proprietary business information; financial information; client lists, customer information, files, e-mails or other information; other potential trade secret information; personnel, human resources, salary and benefits files; medical records; and other documents to the extent any of the parties have designated them as either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order.

2.4. <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5. <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6. <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.7. <u>Privileged Material</u>:  all items or information, or portions of items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, testimony, transcripts, or tangible things, that are subject to the attorney-client privilege and/or the attorney work product doctrine.

2.8. <u>Protected Material</u>:  any Disclosure or Discovery Material that constitutes Confidential Information or Items designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.9. <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their internal support staffs).

2.10. <u>House Counsel</u>:  attorneys who are employees of a Party (as well as their internal support staffs).

1   2.11. <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their
2 support staffs).

3   2.12. <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the
4 litigation who has been retained by a Party or its counsel to serve as an expert witness or as a
5 consultant in this action.  This definition includes a professional jury or trial consultant retained in
6 connection with this litigation.

7   2.13. <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*,
8 photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,
9 retrieving data in any form or medium; etc.) and their employees and subcontractors.

10   2.14. <u>Confidential-Attorneys' Eyes Only</u>: disclosure or discovery material produced with the
11 designation "CONFIDENTIAL-ATTORNEYS' EYES ONLY" are those documents or information
12 the disclosure of which would cause substantial and/or irreparable harm to Defendants' business
13 operations or interests.

14  3.   <u>SCOPE</u>
15   The protections conferred by this Stipulation and Order cover not only Protected Material (as
16 defined above), and Confidential Information and Items, but also any information copied or
17 extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus
18 testimony, conversations, or presentations by parties or counsel to or in court or in other settings that
19 might reveal Protected Material, and Confidential Information and Items.

20  4.   <u>DURATION</u>
21   Even after the termination of this litigation, the confidentiality obligations imposed by this
22 Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order
23 otherwise directs.

24  5.   <u>DESIGNATING PROTECTED MATERIAL</u>
25   5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or
26 non-party that designates information or items for protection under this Order must take care to limit
27 any such designation to specific material that qualifies under the appropriate standards.  If it comes
28 to a Party's or a non-party's attention that information or items that it designated for protection was

1 done so inadvertently, that Party or non-party must promptly notify all other parties that it is
2 withdrawing the mistaken designation.

3      5.2. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order or as
4 otherwise stipulated or ordered, material that qualifies for protection under this Order must be
5 clearly so designated before the material is disclosed or produced.
6 Designation in conformity with this Order requires:

7      (a)    <u>for information in documentary form</u> (apart from transcripts of depositions or
8 other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or
9 "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by use of a watermark, or at the top, bottom or
10 right margin of each page that contains protected material or, alternatively, on the first page of a
11 multipage document, if the entire document is protected.  If only a portion or portions of the material
12 on a page qualifies for protection, the Producing Party should endeavor to identify the protected
13 portion(s) as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if such
14 dissection of the document can be reasonably achieved without undue burden on the Designating
15 Party.

16      A Party or non-party that makes original documents or materials available for
17 inspection need not designate them for protection until after the inspecting Party has indicated which
18 material it would like copied and produced.  During the inspection and before the designation, all of
19 the material made available for inspection shall be deemed "CONFIDENTIAL" or
20 "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the
21 documents it wants copied and produced, the Producing Party must determine which documents, or
22 portions thereof, qualify for protection under this Order, then, before producing the specified
23 documents, the Producing Party must affix the legend "CONFIDENTIAL" by way of a watermark,
24 or at the top, bottom or right margin of each page that contains Protected Material, and Confidential
25 Information and Items.  If only a portion or portions of the material on a page qualifies for
26 protection, the Producing Party also should endeavor to identify the protected portion(s) (*e.g.*, by
27 making appropriate markings in the margins), if such dissection of the document can be reasonably
28 achieved without undue burden on the Designating Party.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring, or giving the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony reserves the right, during the time allocated for the witness to review and execute the deposition transcript, to identify the specific portions of the testimony as to which protection is "CONFIDENTIAL".

Transcript pages containing Protected Material and Confidential Information and Items must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also should identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins), if such dissection of the document can be reasonably achieved without undue burden on the Designating Party.

5.3. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.  Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed, so long as the Party exercised reasonable diligence in doing so.

6.2.  Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

6.3.  Judicial Intervention.  If the challenge is not resolved during the meet and confer process, a Party who elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion pursuant to applicable Civil Local Rules that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of establishing the appropriateness of the confidentiality designation falls on the Designating Party.

Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS</u>

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material and Confidential Information and Items that are disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material and Confidential Information and Items may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material and Confidential Information and Items must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of Confidential Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

7.2.1. the Receiving Party's Counsel in this action, provided, however, that any document(s) marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall only be disclosed to the Receiving Party's Outside Counsel or House Counsel and experts (as defined in this Order) to assist in preparing for the trial of this action;

7.2.2. the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

7.2.3. experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

7.2.4. the Court and its personnel;

7.2.5. court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

7.2.6. during their depositions, witnesses in the action to whom disclosure is

1  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
2  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal
3  Protected Material and Confidential Information and Items must be separately bound by the court
4  reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective
5  Order; or

6          7.2.7.  the author of the document or the original source of the information.

7      7.3.  <u>Written Acknowledgment</u>.  In the event that a Party does disclose Protected Material to
8  any person or entity permitted in subsections 7.2.3, 7.2.5, and 7.2.6, above, the Party agrees to secure
9  from such person or entity a signed written acknowledgment confirming that such person or entity
10 knows the terms of this Stipulated Protective Order, agrees to be bound by the terms of the Order,
11 and agrees to submit to the jurisdiction of the Court for the purpose of securing compliance with the
12 terms of the Order.  The Parties agree to secure the executed acknowledgment before disclosing
13 Protected Material.  The Parties agree that the acknowledgment shall be in the form of the
14 "Agreement To Be Bound By Protective Order" attached to this Stipulated Protective Order as
15 Exhibit A.  The Parties further agree to retain such acknowledgments and to submit them to the
16 Court for in camera review in the event that a Party alleges that the terms of the Stipulated Protective
17 Order have been violated.  No Party has an obligation to reveal directly to any other Party the
18 identities of the persons or entities who execute written acknowledgments.

19 8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>
20         <u>OTHER LITIGATION</u>

21     If a Receiving Party is served with a subpoena or any other form of compulsory process of
22 any court, administrative or legislative body, or of any person or tribunal purporting to have
23 authority to seek such information by compulsory process, that would compel disclosure of any
24 information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-
25 ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing
26 by e-mail or fax immediately and in no event more than three court days after receiving the
27 subpoena or order.  Such notification must include a copy of the subpoena or court order.  In
28 addition, the Receiving Party shall cooperate to the extent necessary to permit the Designating Party

1  to seek to quash such process, and shall not make production of such information until at least ten
2  (10) days after all parties have received the written notice of such process as required herein.  In the
3  event that the subpoena or other compulsory process purports to require a return date of less than ten
4  (10) days, the party to whom the process is directed shall give prompt telephonic as well as written
5  notice of such process and shall not produce such information until the return date thereof.
6       The Receiving Party also must immediately inform in writing the party who caused the
7  subpoena or order to issue in the other litigation that some or all the material covered by the
8  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must
9  deliver a copy of this Stipulated Protective Order promptly to the party in the other action that
10 caused the subpoena or order to issue.
11 9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL AND CONFIDENTIAL
12      INFORMATION AND ITEMS
13      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
14 Material and Confidential Information and Items to any person or in any circumstance not authorized
15 under this Stipulated Protective Order, the Receiving Party must immediately and in no event after
16 more than three court days (a) notify the Designating Party in writing  by e-mail or fax of the
17 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material and
18 Confidential Information and Items, (c) inform the person or persons to whom unauthorized
19 disclosures were made of all the terms of this Order, and (d) request such person or persons to
20 execute the "Acknowledgment and Agreement to Be Bound" that is attached as **Exhibit A**.
21 10.    FILING PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION
22      AND ITEMS
23      A Party may not file in the public record in this action any Protected Material and
24 Confidential Information and Items.  A Party that seeks to file under seal any Protected Material and
25 Confidential Information and Items must submit the materials under seal.  Per the local rules of the
26 Court, nothing will be accepted for filing under seal with the Court without separate prior order by
27 the judge before whom the hearing or proceeding will take place. Such order must be sought by ex
28 parte application by the affected party with appropriate notice to opposing counsel.

1    11.    PRIVILEGED MATERIAL

2          The parties shall be permitted but not obligated to review materials for privilege and/or work
3    product protection prior to producing them in this matter.  Nothing in this Stipulated Protective
4    Order compels a Party to produce Privileged Material protected by the attorney-client privilege or
5    attorney work product doctrine, and no Party entering into this Stipulated Protective Order waives its
6    right to assert objections based on the attorney-client privilege or attorney work product doctrine,
7    and refrain from producing such Privileged Material, unless such production is agreed to by the
8    Parties or ordered by the Court.

9          If a Producing Party discovers that it has produced Privileged Material, it may notify the
10   Receiving Party, which will promptly destroy or return all copies of such Privileged Material.
11   Furthermore, if the Receiving Party has already disclosed the Privileged Materials prior to receiving
12   this notice, the Receiving Party must take reasonable steps to retrieve the materials or ensure their
13   destruction.  Unless otherwise agreed by the parties in writing, no party shall be permitted to retain
14   Privileged Materials after receiving notification under this section, even if the parties dispute the
15   privilege and/or work product status of the materials.  If the parties subsequently agree or the Court
16   orders that such materials should be disclosed, the Producing Party will produce new copies of the
17   materials.

18   12.    FINAL DISPOSITION

19         Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days
20   after the final termination of this action, each Receiving Party must return all Protected Material and
21   Confidential Information and Items to the Producing Party.  As used in this subdivision, "all
22   Protected Material" includes all copies, abstracts, compilations, summaries or any other form of
23   reproducing or capturing any of the Protected Material and Confidential Information and Items. With
24   permission in writing from the Designating Party, the Receiving Party may destroy some or all of the
25   Protected Material and Confidential Information and Items instead of returning it.  Whether the
26   Protected Material and Confidential Information and Items is returned or destroyed, the Receiving
27   Party must submit a written certification to the Producing Party (and, if not the same person or
28   entity, to the Designating Party) by the sixty-day (60) deadline that identifies (by category, where

appropriate) all the Protected Material and Confidential Information and Items that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material and Confidential Information and Items.

13.  MISCELLANEOUS

13.1.  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by mutual agreement of the Parties or the Court in the future.

13.2.  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

13.3.  Right to Challenge Admissibility.  No Party waives any right to object on any ground to use of any of the material covered by this Protective Order at trial, in evidence or otherwise.

13.4.  Right to Seek Additional Protective Treatment.  Nothing in this Order abridges the right of any person to seek additional protective treatment for any Confidential Information or Items.

13.5.  Right to Injunctive Relief.  Because the Designating Party's legal remedies may be inadequate, the Parties agree that injunctive relief may be an appropriate remedy to prevent any person or party from using or disclosing Protected Material in violation of the Order.  In the event the Receiving Party, or any other person or entity, violates or threatens to violate any of the terms of this Order, the Parties agree that the Designating Party, with appropriate notice to the Receiving Party, may apply the Court to obtain injunctive relief against any such persons or parties violating or threatening to violate any of the terms of this Order.

IT IS SO STIPULATED.

Dated: February 23, 2015                    PROSKAUER ROSE LLP
                                            Harold M. Brody
                                            Enzo Der Boghossian
                                            Anthony J. DiBenedetto
                                            Keith A. Goodwin

                                            By:    */s/ Enzo Der Boghossian*
                                                       Enzo Der Boghossian

                                            Attorneys for Defendants
                                            SPRINT/UNITED MANAGEMENT CO. and
                                            SPRINT COMMUNICATIONS COMPANY,
                                            L.P. (erroneously sued as SPRINT
                                            CORPORATION, a SPRINT
                                            COMMUNICATIONS COMPANY, L.P.)


Dated: February 23, 2015                    QUINTILONE & ASSOCIATES
                                            Richard E. Quintilone II
                                            Alvin B. Lindsay

                                            THE CARTER LAW FIRM
                                            Roger Carter
                                            Bianca A. Sofonio

                                            THE PHELPS LAW GROUP
                                            Marc H. Phelps

                                            By:    */s/ Richard E. Quintilone II*
                                                       Richard E. Quintilone II

                                            Attorneys for Plaintiff
                                            VIET BUI, individually and on behalf of all
                                            other similarly situated employees, and on
                                            behalf of the general public

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:  February 26, 2015

                                            _____
                                            ALLISON CLAIRE
                                            UNITED STATES MAGISTRATE JUDGE

**STIPULATED PROTECTIVE ORDER**

**EXHIBIT A**

| | |
|---|---|
| VIET BUI, individually and on behalf of all other similarly situated employees, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>SPRINT CORPORATION, a SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware Corporation; SPRINT/UNITED MANAGEMENT CO., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-02461-TLN-AC<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

By signing this document, I hereby certify that I have read the Protective Order ("Order") in the above-captioned case. I understand the responsibilities and obligations the Order imposes on persons viewing the material encompassed by the Order, and I agree to be bound by all of the provisions of the Order, so as to enable me to view the material encompassed by the Order. I understand that any violation of the Order by me or anyone acting under my direction may subject me to penalties for contempt of Court and/or other relief sought by a party to the above-captioned matter. I hereby consent to the personal and subject matter jurisdiction over me by the Court for purposes of enforcing my agreement here.

DATED: _____

_____
Signature

_____
Name (Printed)

_____
Address

**SIGNATURE ATTESTATION**

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 23, 2015

PROSKAUER ROSE LLP
Harold M. Brody
Enzo Der Boghossian
Anthony J. DiBenedetto
Keith A. Goodwin

By: */s/ Enzo Der Boghossian*
 Enzo Der Boghossian

Attorneys for Defendants
SPRINT/UNITED MANAGEMENT CO. and SPRINT COMMUNICATIONS COMPANY, L.P. (erroneously sued as SPRINT CORPORATION, a SPRINT COMMUNICATIONS COMPANY, L.P.)