UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIET BUI, individually and on behalf of all other similarly situated employees, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT CORPORATION, a SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware Corporation; SPRINT/UNITED MANAGEMENT CO., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 2:14-cv-02461-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Olivia Guilbaud, Marques Lilly, Michael Wong, and Michael Smith's ("Proposed Intervenors") Motion to Intervene. (ECF No. 15.) On June 18, 2015 Proposed Intervenors filed a Renewed Motion to Intervene. (ECF No. 48.) The Court has considered Defendant Sprint Corporation, Sprint/United Management Co. ("Defendants") and Plaintiff Viet Bui's individual oppositions (ECF No. 22–23) and Memorandums (ECF No. 49, 50). The Court DENIES Proposed Intervenors' Motion to Intervene (ECF No. 15) and Proposed

1

Intervenors' Renewed Motion to Intervene (ECF No. 48).

I.   Factual and Procedural Background

On July 10, 2014, Plaintiff Viet Bui ("Plaintiff") filed a Complaint in Superior Court of California, Sacramento County, on behalf of himself and a putative class of Defendants' current and former employees. (ECF No. 1. at 1.) On September 9, 2014, Plaintiff filed a First Amended Complaint. (ECF No. 1. at 1.) On February 26, 2015, Proposed Intervenors[1] filed a Motion to Intervene and Dismiss, Stay and/or Transfer. (ECF No. 15-1.) Proposed Intervenors Guildbaud, Lilly, and Wong filed *Guilbaud, et al. v. Sprint Nextel Corp. and Sprint/United Management Co., Inc.*, Case No. 3:13-cv-04357-VC, in the Northern District of California on September 19, 2013. (ECF No. 15-1.) Proposed Intervenor Smith filed *Smith v. Sprint/United Management Company*, Case No. 3:14-CV-02642-VC in the Eastern District of California on January 31, 2014. (ECF No. 15-1 at 1.) Judge Chhabria consolidated *Guilbauld* and *Smith* on July 10, 2014. (ECF No. 15-1 at 2.) On June 18, 2015, Proposed Intervenors renewed their Motion to Intervene and requested that the Court transfer the *Bui* case to the Northern District and/or deny the *Bui* Plaintiffs' Motion for Preliminary Approval. (ECF No. 15.)

II.   Analysis

The Proposed Intervenors moved to intervene in the *Bui* action as a matter of right pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a), or via permissive intervention pursuant to FRCP 24(b). (ECF No. 15-1 at 6.) Intervention may be by right or permissive. *See* Fed. R. Civ. P. 24(a), (b).

A.   *Intervention by Right*

A court must permit an applicant to intervene when:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest. *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

---

[1] Proposed Intervenors include Olivia Guildbaud, Marques Lilly, Michael Wong, and Michael Smith. (ECF No. 15.)

Fed. R. Civ. P. 24(a).  "Each of these four requirements must be satisfied to support a right to intervene."  *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013) (citing *Arakaki v. Cayetano,* 324 F.3d 1078, 1083 (9th Cir. 2003)).

The Proposed Intervenors claim that they have a significant protectable interest because this action asserts the same California Labor Code violations and relief sought in the *Guilbaud* case, and because this action seeks certification of a class that is entirely subsumed by the proposed California class in *Guilbaud*.  (ECF No. 15-1 at 8.)  However, the Court notes that no class has been certified in the present case, or in the *Guilbaud* case.  Therefore, the interest that Proposed Intervenors claim to have is speculative.  Furthermore, Defendants argue that Proposed Intervenors do not seek to participate substantively in this action.  (ECF No. 22 at 7.)  Defendants point out that Proposed Intervenors' motion indicates that they seek to have this action stayed, dismissed, or transferred to the Northern District of California.  (ECF No. 22 at 7.)  Intervention as of right is not available to those whose only interest in the action is to prevent the action from going forward.  *See, e.g., Worthington v. Bayer Healthcare LLC*, No. CIV.A. 11-2793 ES, 2011 WL 6303999, at *6 (D.N.J. Dec. 15, 2011).

The Proposed Intervenors further contend that their interest may be impaired by any disposition of this action, but do not provide any facts to support this assertion.  (ECF No. 15-1 at 8.)  However, Defendants explain that the settlement here expressly excluded any individual who has opted into the FLSA action conditionally certified in *Guilbaud*.  (ECF No. 49 at 5.)  Therefore, any interests Proposed Intervenors have will not be affected and they will not be bound by the settlement.  Thus, the Court finds that this action will not impair or impede the Proposed Intervenors.

Proposed Intervenors do not have a significant interest that will be impaired or impeded by the action[2].  Therefore, the Court finds that Proposed Intervenors have no right to intervene under Rule 24(a).

---

[2] Each of the four requirements under FRCP 24(a) must be satisfied to support a right to intervene.  *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013).  Given that the first two requirements are not met, the Court does not address the last two requirements at this time.

B.  *Permissive Intervention*

Under FRCP 24(b), a court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In making this decision, the "court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Proposed Intervenors claim that the *Bui* and *Guilbaud* actions share common questions of law and fact because both actions seek to recover unpaid wages, overtime, premiums for missed meal and rest breaks, inaccurate wage statement penalties, waiting time penalties, and other derivative penalties and relief under the PAGA and the California Unfair Competition Law.  (ECF No. 15-1 at 10–11.)

Defendants argue that Proposed Intervenors should not be permitted to intervene.  (ECF No. 22 at 14.)  Defendants state that Proposed Intervenors' "interest" is to "put an end to this action." (ECF No. 22 at 14.)  Defendants cite to *Glover v. Ferrero USA, Inc.*, where the court declined to permit intervention where a proposed intervenor's only stated interest was having the "action dismissed or transferred, an interest which will clearly prejudice the rights of the existing parties in th[e] action." *Glover*, No. CIV.A. 11-1086 FLW, 2011 WL 5007805, at *7 (D.N.J. Oct. 20, 2011).  Courts may consider various relevant factors, including "the nature and extent of the [proposed] intervenors' interest." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

Furthermore, Defendants argue that Ninth Circuit courts have frequently denied requests for permissive intervention on the grounds that a movant cannot satisfy Rule 24(a)'s requirements for intervention as of right. *See, e.g., Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (stating that district court's denial of a Rule 24(b) motion to intervene based on the parties' "identity of interests" and the existing party's "ability to represent those interests adequately" was "supported by [Ninth Circuit] case law on intervention in other contexts"); *United States ex rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 756 (9th Cir. 1993) (upholding denial of permissive intervention in a subpoena enforcement proceeding seeking disclosure of tax records where the government party made the same arguments as the taxpayer intervenors, and

4

the government party would adequately represent the intervenors' privacy interests); *Tobin v. Conopco, Inc.*, No. C 12-05881 JSW, 2013 WL 1729845, at *2 (denying motion to intervene under Rule 24(b) on the same grounds used to deny motion to intervene under Rule 24(a), i.e., that the existing party could adequately protect interests and the proposed intervenor could avoid having her interest impaired by opting out of any certified class).

Given the nature of the Proposed Intervenors' interest, as well as the reasons the Court provided for denying intervention by right, the Court will not permit intervention.

### C. *This Action Should not be Transferred*

Proposed Intervenors argue that the Court should transfer *Bui* to the Northern District because *Guilbaud* was the first-filed action. (ECF No. 15-1 at 11.) Under the first-to-file rule, where an action relating to the same subject matter has already been commenced in another district, a court should not exercise jurisdiction over a second, successive suit. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). "While the determination of which case was first-filed is a necessary starting point, other considerations come into play in determining which of two parallel [] actions must yield." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002) *citing Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183–184, (1952) (affirming reversal of district court's dismissal of later-filed suit under the first-filed rule)." "Ultimately, the district court is to temper its preference for the first-filed suit by yielding to the forum in which all interests are best served." *Id*. at 1089.

The interests here are ultimately those of Plaintiff and the putative class members. The Court finds that these interests are best served by this present case and the recent settlement. If the parties to the *Guilbaud* case end up being a part of the class, the Court is not convinced that seeking to dismiss or transfer the very case which resulted in a settlement would best serve their interests. A transfer of venue would cause delay as well as unnecessarily complicate the matter. The Court therefore declines to apply the first to file rule.

Proposed Intervenors also suggest in the renewed motion that *Bui* should be transferred, and the settlement obtained for the Class completely dismantled, because *Bui* and *Guilbaud* are duplicative. (ECF No. 48 at 4–6.) Proposed Intervenors argue this will promote judicial

5

efficiency. (ECF No. 48 at 4–6.) Defendants respond that the two cases are not duplicative and raise no risk of inconsistent judgments. (ECF No. 49 at 5.) Once again, the settlement here expressly excludes any individual who has opted into the FLSA action conditionally certified in *Guilbaud* (which includes the Proposed Intervenors). Therefore the settlement of *Bui* will not affect Proposed Intervenors' rights or raise the risk of conflicting judgments. (ECF No. 49 at 5.) Defendants further claim that Proposed Intervenors and those individuals who timely opted into the conditionally-certified FLSA class will not be bound by the *Bui* settlement and may therefore continue to pursue their claims.[3] (ECF No. 49 at 5.)

Defendants argue that "Proposed Intervenors' claim boils down to the same repeated assertion –this case should be transferred because it threatens the size of their hoped-for class and, concomitantly, the size of any settlement and resulting attorney's fees award." (ECF No. 49 at 6.) The Court agrees with Defendants that this does not provide grounds for permitting intervention or transferring this case.

### III. CONCLUSION

Proposed Intervenors do not satisfy the requirements of FRCP 24(a) for intervention by right, and the Court does not find permitted intervention under FRCP 24(b). Therefore, the Court DENIES Proposed Intervenors' Motion to Intervene (ECF No. 15) and Proposed Intervenors' Renewed Motion to Intervene (ECF No. 48).

IT IS SO ORDERED.

Dated: June 19, 2015

Troy L. Nunley
United States District Judge

---

[3] In its opposition, Defendants point to case law suggesting that courts routinely deny motions to intervene in class actions in order to allow putative class members to protect their rights to litigate the merits of their claims independently by excluding themselves from a class. *See e.g., Grilli v. Metro. Life Ins. Co., Inc.*, 78 F.3d 1533 (11th Cir. 1996), *opinion clarified*, 92 F.3d 1074; *Zepeda v. PayPal, Inc.*, No. 10-cv-02500-SBA, 2014 WL 1653246, at *6 (N.D. Cal. Apr. 23, 2014) (collecting cases from multiple circuits); *Tobin v. Conopco, Inc.* No. C 12-05881 JSW, 2013 WL 1729845, at *1 (N.D. Cal. Apr. 22, 2013); *Cohorst v. BRE Properties, Inc.*, No. 10cv2666 JM, 2011 WL 3475274, at *6 (S.D. Cal. Aug. 5, 2011); *Alaniz v. Cal. Processors, Inc.*, 73 F.R.D. 269, 289 (N.D. Cal. 1976). (ECF No. 49 at 6.)