1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIET BUI and CHRISTINA AVALOS-REYES, individually and on behalf of all other similarly situated employees, and on behalf of the general public, | No.  2:14-CV-02461-TLN-AC |
| Plaintiff, | **FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |
| v. | |
| SPRINT CORPORATION, a SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware Corporation; SPRINT/UNITED MANAGEMENT CO., a Delaware Corporation; and DOES 1 through 20, inclusive, | |
| Defendant. | |

12

13

14

15

16

17

18

19

20

21

22    On June 16, 2016, the Court conducted a hearing regarding final approval of the

23    settlement and release of claims in this matter, Plaintiff's application for approval of attorney's

24    fees and costs, class representative payments to class representatives Viet Bui and Christina

25    Avalos-Reyes, and the settlement administration expenses. The parties appeared by and through

26    their respective counsel of record. After considering the moving papers and arguments of counsel,

27    and good cause shown, the Court GRANTS Plaintiff's unopposed motion for final approval of

28    class action settlement (ECF No. 71) and GRANTS Plaintiff's unopposed motion for award of

attorney's fees and costs, class representative enhancement payments, and settlement administration expenses (ECF Nos. 64–70) , as follows:

1. The Court has received and considered the proposed Joint Stipulation and Settlement Agreement  (hereinafter the "Settlement Agreement") entered into by the Plaintiffs, Viet Bui and Christina Avalos-Reyes ("Plaintiffs"), and on behalf of the Settlement Class, and Defendants Sprint/United Management Company and Sprint Communications Company L.P. (erroneously sued as "Sprint Corporation, a Sprint Communications Company, L.P.") ("Defendant").

2. The Court previously granted preliminary approval of the class settlement that provided for conditional class certification. (ECF No. 60.)  The Court has been informed by declarations that notice of the settlement has been provided to the Class (as defined below); has held a fairness hearing at which all parties were represented by their respective Counsel and at which the Class Members were afforded the opportunity to object to the proposed settlement; has received and reviewed briefing and evidence as to why the proposed settlement is fair, adequate and in the best interests of the represented class; and has considered all other arguments and submissions in connection with the proposed settlement.

3. Solely for the purposes of effectuating the Settlement, the Court hereby certifies the Settlement Class, defined as all persons who are or who have been employed by Sprint as a non-exempt employee in one of Sprint's California retail stores during the Class Period as a Store Host, Retail Consultant, Bilingual Retail Consultant, Lead Retail Consultant, Bilingual Lead Retail Consultant, Assistant Store Manager, Bilingual Assistant Store Manager, and/or Manager Retail Store (C) (the "Settlement Class"), except for any person who is a named plaintiff or who has filed a consent to join in the collective action conditionally certified in the action entitled *Guilbaud, et al. v. Sprint Nextel Corp and Sprint/United Management Co., Inc*., No. 3:13-cv-04357-VC (N.D. Cal.).   For the reasons stated in the Preliminary Approval Order, the Court finds that the Settlement Class meets the legal requirements for class certification under Federal Rule of Civil

Procedure 23 ("Rule 23").

4. In accordance with Rule 23 and the requirements of due process, the Settlement Class has been given proper and adequate notice of the Settlement Agreement and the Final Fairness Hearing, such notice having been carried out in accordance with the Preliminary Approval Order. The Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order were (a) appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law. The parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

5. The Court hereby approves the Settlement as set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate, and reasonable and is hereby approved in all respects. The Court makes this finding based on a weighing of the strength of Plaintiffs' claims and Defendant's defenses with the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Settlement Class and Defendant, after thorough factual and legal investigation. In granting final approval of the Settlement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member. The Court further finds that the response of the Class to the Settlement supports final approval of the Settlement. Specifically, no Class Member objects to the Settlement. Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member. The Court also hereby finds that Plaintiffs have satisfied the

standards and applicable requirements for final approval of this class action settlement under Rule 23.

6. The Motion for Final Approval is GRANTED, and the Settlement Agreement hereby is APPROVED as fair, reasonable, adequate to members of the Settlement Class, and in the public interest. The parties are directed to consummate the Settlement Agreement in accordance with its terms.

7. The Court hereby grants class counsel's request for an award of attorney's fees in the amount of $1,616,505 and litigation costs in the amount of $13,144.38 in accordance with the terms of the Settlement Agreement.

8. The Court approves a Class Representative Enhancement Award of $15,000 to Class Representative Viet Bui and a Class Representative Enhancement Award of $5,000 to Class Representative Christina Avalos-Reyes in accordance with the terms of the Settlement Agreement.

9. The Court approves a $3,750 payment to the California Labor and Workforce Development Agency in accordance with the terms of the Settlement Agreement.

10. The Court approves the payment of settlement administration expenses to Class Administrator, Rust Consulting, Inc., in an amount not to exceed $30,000 in accordance with the terms of the Settlement Agreement.

11. The Court hereby enters judgment approving the terms of the Settlement Agreement and ordering that the Lawsuit be dismissed on the merits with prejudice in accordance with the Settlement. The Seconded Amended Complaint is dismissed on the merits with prejudice on a class-wide basis. This document shall constitute a final judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

12. Without affecting the finality of the Judgment, the Court shall retain jurisdiction of this action for the purpose of resolving any disputes that may arise as to the implementation of the monetary relief terms of the Settlement Agreement.

///

///

1   IT IS SO ORDERED.

2

3   Dated: July 19, 2016

4

5                                                      Troy L. Nunley
                                                       United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28